## BEEBE v. PURE OIL CO.
### Civ. A. No. 5184.

District Court, N. D. Ohio, W. D.
March 11, 1946.

Edward Lamb and Stephen A. Mack, both of Toledo, Ohio, for plaintiff.

Franklin F. Hayward and McMahon & Hayward, all of Toledo, Ohio, Allen C. Hutcheson, Jr., Ben A. Harper, and Gene M. Woodfin, all of Chicago, Ill., for defendant.

KLOEB, District Judge.

This cause came on for trial and the court having heard the evidence and considered the stipulations of the parties, finds the facts and states the conclusions of law as follows:

## Findings of Fact

1. Plaintiff sues to recover overtime compensation and liquidated damages allegedly due him by defendant under the terms of the Fair Labor Standards Act of 1938, Section 216, 29 U.S.C.A.; the period of time involved is from November 16, 1942 to August 10, 1944.

2. On November 16, 1942, plaintiff was being paid a salary of $240 per month, and was compensated for his services at that monthly rate until February 1, 1943. On the latter date, his salary was increased to $260 per month, at which rate he was compensated until April 1, 1943. From April 1, 1943 until August 10, 1944, plaintiff received a monthly salary of $325 per month. Such monthly compensation was exclusive of board, lodging, or other facilities.

3. During said period plaintiff was employed by defendant at its Toledo, Ohio, refinery working under only general supervision of the chief clerk-office manager. He was classified as a "senior clerk" and was in charge and the responsible head of the Shipping Department at the refinery. Two other senior clerks worked under his immediate direction and supervision as his assistants. Additional clerical workers were employed in the Shipping Department and worked under the immediate supervision and direction of plaintiff; generally there were from two to three clerks so employed but from time to time, on plaintiff's recommendation, this number was increased by assigning additional clerical help to the department to meet emergencies resulting from accumulation of the work in the department. Plaintiff set up the work to be done by the other employees in the Shipping Department, directed the apportionment of the work among them, and supervised the interchange of work and duties between them.

4. Prior to November 16, 1942, and during the entire period of time involved in this suit, the work and responsibility of the refinery Shipping Department was greatly increased by conditions resulting from the war time emergency. There was a great increase in the volume of petroleum products shipped from the refinery by rail and transport truck; there was also a shortage of tank cars and tank trucks. It was a part of plaintiff's job to see that all rolling stock, rail and truck, available to the refinery, was continuously utilized in delivery of products from the refinery to their respective destinations. He was in daily communication with the responsible executives of defendant's traffic, sales, products supply and other departments at defendant's Chicago office. His work related directly to management policies and general business operations. Plaintiff was authorized to and did exercise his discretion and independent judgment making numerous decisions required in the proper performance of his duties as the head of the Shipping Department at the refinery.

5. Plaintiff's aforesaid work was responsible and nonmanual in nature. It was along specialized and technical lines, requiring special training, experience and knowledge, as well as the exercise of discretion and independent judgment.

6. The undisputed evidence, including plaintiff's testimony, establishes that plaintiff was exempt from the provisions of the Fair Labor Standards Act of 1938, during the period of time involved in this suit.

## Conclusions of Law

1. During the period of time involved in this suit, plaintiff was employed by and worked for defendant in a bona fide administrative capacity.

2. Plaintiff is not entitled to recover overtime compensation or liquidated damages from defendant.

3. Defendant is not indebted to plaintiff, as set out in plaintiff's complaint; and judgment will therefore be entered for defendant on the merits.